## HARRISON v. SMITH.

No. 3712.    Opinion Filed July 28, 1914.

(142 Pac. 317.)

BILLS AND NOTES—Consideration—Instruction. In an action upon a promissory note, where the answer admits the execution thereof, but alleges a failure of consideration, and the evidence shows that the note was executed upon the surrender of a note of a larger denomination, and that the surrendered note was given for a valuable consideration, it is not prejudicial error for the court to instruct the jury that they must return a verdict for the plaintiff, if they find that there was a valuable consideration given for the note in suit.

(Syllabus by Galbraith, C.)

*Error from County Court, Osage County;*
*C. T. Bennett, Judge.*

Action by A. J. Smith against Ben Harrison. Judgment for plaintiff, and defendant brings error. Affirmed.

*Preston A. Shinn,* for plaintiff in error.

*H. C. Hargis,* for defendant in error.

Opinion by GALBRAITH, C. This appeal is to review the judgment of the county court of Osage county rendered upon the verdict of a jury in an action upon a promissory note for the principal sum of $50, and interest and attorney's fee.

Error is assigned in the ruling of the court in denying the motion for new trial, and in giving instruction No. 3, and also in refusing to give instruction No. 1 requested by the plaintiff in error, the defendant below.

From the testimony it appears that the defendant in error, A. J. Smith, was a practicing physician located at Pawhuska, Okla., and that the plaintiff in error was an Osage Indian residing near there; that Dr. Smith was called to Harrison's house and testified relative to his condition, saying, "I found him drunk; lying with his face to the wall and trying to climb the wall;" and that Harrison's wife arranged to have him treated for the liquor habit, and that he should go to Dr. Smith's office at Pawhuska for treatments. Later when he visited the doctor's office

to commence the treatments it was agreed that he should pay $100 therefor, and, not having the money, he executed his demand note for that amount. After taking treatments some ten or twelve days, he became discouraged and abandoned it and went to Kansas City for treatment. After he returned demand was made upon him for payment of the note. He said $100 was "too much," but that he would pay $50 if his note was surrendered. The doctor accepted this proposition and surrendered the $100 note, and he, not having the money, executed the note in suit for $50. Not having paid the note, action was brought thereon, and he defended by admitting the execution of the note, but pleaded a failure of consideration, charging that the doctor guaranteed to cure him of the liquor habit and failed to do so, and for that reason there was no consideration for the $100 note, and therefore a failure of consideration for the note in suit.

The instruction given by the court and excepted to by the plaintiff in error and assigned as error was one in which the court instructed the jury that if they found there was a consideration for the note sued upon they must return a verdict for the plaintiff. While this instruction is very brief, and does not state the issues to be determined by the jury as fully as they might have been and perhaps should have been stated, still it submits the real issue that the jury were to try, and we cannot hold that the giving of this instruction was prejudicial error, for the reason that, under the testimony of the plaintiff in error himself, the $100 note was given for the treatments he had taken from Dr. Smith, and the $50 note was given in settlement of that note. From this testimony it clearly appears that there was a good and valuable consideration for both notes, and that the plaintiff was entitled to the judgment rendered upon the verdict of the jury. Nor was it error for the court to refuse to give instruction No. 1, since it did not correctly state the law arising upon the issue in the case.

The exceptions should be overruled, and the judgment appealed from affirmed.

By the Court: It is so ordered.